**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

JOSEPH HERBOZO and
MEGHAN LIESENFELD,

     Plaintiffs,

v.                              Case No. 8:26-cv-436-KKM-TGW

DEBBIE FERNANDEZ et al.,

     Defendants.

_____

## <u>ORDER</u>

Pro se plaintiffs Joseph Herbozo and Meghan Liesenfeld move for remand and for clarification and reconsideration of an order. 1st Mot. to Remand (1st MTR) (Doc. 5); 2d Mot. to Remand (2d MTR) (Doc. 9); Mot. to Clarify and Reconsider (Doc. 8). The defendants, who removed the action on February 19, 2026, oppose the motions to remand. Resp. (Doc. 11).

The defendants removed based on federal question jurisdiction, which became live when, on February 9, 2026, the plaintiffs filed an amended complaint in state court asserting, for the first time, claims predicated on federal law. Notice of Removal (Doc. 1) at 2; *see, e.g.*, Am. Compl. (Doc. 1-5) ¶¶ 333–81. The plaintiffs twice move to remand. In short, the first motion argues that the following sufficed to state a claim arising under federal law such that the defendants had to remove much sooner: a throwaway reference

1

to potential violations of federal law in one paragraph of their initial complaint, a demand letter referencing in passing the Fair Housing Act, and motions filed in state court regarding federal claims that the plaintiffs had not yet pleaded. *See* 1st MTR at 5–8; Resp. 5–8. None of them give rise to federal question jurisdiction. *See, e.g.*, *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 765 n.20 (11th Cir. 2010) ("[A] defendant may remove on the basis of federal question jurisdiction only where that question appears on the face of the plaintiff's complaint.").

The plaintiffs' second motion for remand argues that the defendants, all of whom are named in the notice of removal and represented by the same counsel, did not unanimously consent to removal. *See* 2d MTR at 3–8; Resp. at 9. The plaintiffs argue that there is no unanimity because of a clerical error by the Clerk's office when docketing the case, the use of passive voice in the notice of removal filed in the state court, and because the defendants listed themselves in their notice of removal in this Court rather than state that "all defendants" remove. *See* 2d MTR at 3–8. The defendants obviously unanimously removed. The plaintiffs' motions to remand are denied. The plaintiffs' motion for oral argument regarding remand, (Doc. 6), is denied as moot.

If the plaintiffs wish to leave this " 'foreign' jurisdiction" that they have "suddenly and surprisingly been thrusted into," 2d Am. Compl. (Doc. 10) at 3,

they may amend their complaint to remove their federal claims, which, as explained below, rest on questionable standing grounds. If the plaintiffs do so, I will decline to exercise supplemental jurisdiction over the remaining claims and remand. That said, should they do so, the plaintiffs may not engage in gamesmanship by adding those claims back after returning to state court.

I simultaneously address the motion to clarify and the plaintiffs' operative complaint—the second amended complaint, which the plaintiffs' filed on March 5, 2026. *See* 2d Am. Compl. In the motion to clarify, the plaintiffs explain that they do not understand what constitutes a shotgun pleading or what makes much of their complaint irrelevant. *See* Mot. to Clarify and Reconsider at 10–12.

The second amended complaint, like the amended complaint, is an impermissible shotgun pleading. *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1324 (11th Cir. 2015). Like the amended complaint, it sprawls for 787 paragraphs across nearly 200 pages. *See generally* 2d. Am. Compl. The second amended complaint "is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Weiland*, 792 F.3d at 1322. This alone is sufficient to render the complaint an impermissible shotgun pleading. The complaint includes exhaustive and unnecessary detail about the parties and their myriad interactions. *See* 2d Am. Compl. ¶¶ 21–332 (merely covering the

Statement of Facts). For example, the plaintiffs describe their issues with construction noise at a nearly microscopic level: repeatedly describing the tools used, the specific construction projects and actions taken, the level of the noise, the approximate distances to the source of the noise, the effects of the noise, and attaching multiple videos demonstrating the noise. *See id.* ¶¶ 262–83. To the extent that the construction noise is relevant to any viable causes of action, the issue of noise could be adequately covered in a few paragraphs briefly explaining that there was excessive construction noise between identified dates, which the plaintiffs reported to building management, describing the building management's response, and identifying any harm to the plaintiffs.

As my previous order, (Doc. 4), noted, Federal Rule of Civil Procedure 8(a) requires that a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief." This is, in part, to allow the Court to assess the merits of the claims in the light of the parties' arguments—a process frustrated by the burying of any relevant facts under an avalanche of irrelevant ones. *Cf. Chavez v. Sec'y Fla. Dep't of Corr.*, 647 F.3d 1057, 1061 (11th Cir. 2011) ("Judges are not like pigs, hunting for truffles buried in briefs." (quoting *United States v. Dunkel,* 927 F.2d 955, 956 (7th Cir. 1991))) (citation modified). The second amended complaint's excessive factual background and detail coupled with the total incorporation of the factual allegations into each Count causes each Count to be replete with irrelevant facts. For example, what

relevance burst water pipes could possibly have on the plaintiffs' Fair Housing Act claims is unclear. *See* 2d Am. Compl. ¶¶ 137–63. Yet, the plaintiffs incorporate these overly detailed factual allegations into such claims. *See, e.g.*, *id.* ¶ 333.

The complaint is replete with irrelevant allegations also because many, perhaps most, of the complaint's allegations concern harm to residents who are not the plaintiffs without allegations that adequately explain how these acts injured the plaintiffs. *See, e.g.*, 2d Am. Compl. ¶¶ 318–32 (describing an incident of alleged discrimination against an unnamed disabled resident). This incident is the basis for many of the allegations in Count I. *See id.* ¶¶ 333–51. Further, the rest of the allegations in Count I appear to also involve purported discrimination against individuals other than the plaintiffs. *See id.* ¶¶ 352–81. This pattern of asserting claims against the defendants for alleged discrimination against other people continues in Counts II through VI. *See id.* ¶¶ 382–565. Plaintiffs generally lack standing to assert claims for discrimination inflicted upon others. *See, e.g.*, *Citizens Concerned About Our Child. v. Sch. Bd. of Broward Cnty*, 193 F.3d 1285, 1290 (11th Cir. 1999) (per curiam) ("While it is plain that the plaintiffs have standing to complain of allegedly race-based differences . . . that they have personally experienced, they cite no law permitting them to complain of race-based disadvantages experienced only by other people."). Although standing under the Fair Housing

Act is notoriously broad, it almost certainly does not stretch so far as to allow plaintiffs to assert claims for alleged discrimination in apartment complexes that they do not live in or seek to live in. *See, e.g.*, 2d Am. Compl. ¶¶ 382–413.

Further the complaint "commits the sin of not separating into a different count each cause of action or claim for relief." *Weiland*, 792 F.3d at 1322. For example, Count I appears to contain four separate claims for relief. *See* 2d Am. Compl. ¶¶ 339–43 (violation of 42 U.S.C. § 3617), 344–51 (violation of 42 USC § 3604(f)(2)(A) or (C)), 352–59 (violation of 42 U.S.C. § 3604(b)), and 360–81 (violation of 42 U.S.C. § 3604(a)). These should each be pleaded as separate counts. Failure to do so renders a complaint a shotgun pleading. This issue is not unique to Count I and, in any amended complaint, the plaintiffs should avoid this pleading deficiency across all counts.

The plaintiffs ask me to reconsider my previous order's directive that any amended complaint they file not exceed fifty pages. Referring to my citing *Trump v. New York Times Company*, 800 F. Supp. 3d 1297, 1298 (M.D. Fla. 2025), in the previous order, they argue that "the standard for our Commander-in-Chief's attorneys is not applicable in this instance to *pro se* Plaintiffs." Mot. to Clarify and Reconsider at 15. There is no "Commander-in-Chief" standard. There is no "*pro se* plaintiff" standard. There is only the standard set by the Federal Rules of Civil Procedure, which all litigants—counseled or not—must follow. *See Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a *pro*

*se* . . . litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure. These rules provide for sanctions for misconduct and for failure to comply with court orders."); *Rodriguez v. Scott*, 775 F. App'x 599, 602 (11th Cir. 2019) (per curiam) ("[P]ro se litigants still must comply with the Federal Rules of Civil Procedure."). Fifty pages is more than enough for the plaintiffs to state their claims in compliance with Rule 8(a).

Accordingly, the following is **ORDERED:**

1. The Second Amended Complaint (Doc. 10) is **DISMISSED** as an impermissible shotgun pleading. The plaintiffs are granted leave to file another amended complaint, which they must title the "Third Amended Complaint," and which must not exceed fifty pages, no later than **April 3, 2026**. In the light of the plaintiffs' representations in the Motion for Extension of Time to Amend (Doc. 7), which is now **DENIED as moot**, they have twenty-one days, rather than fourteen days, to file an amended complaint.

2. Should the plaintiffs fail to timely amend their complaint, or if the plaintiffs submit another shotgun pleading, this action will be dismissed without further notice.

3. The Motions to Remand (Docs. 5 and 9) are **DENIED**.

4. The Motion for Oral Argument (Doc. 6) is **DENIED as moot**.

5. The Motion to Clarify and Reconsider (Doc. 8) is **DENIED**.

6. The Motion to Stay (Doc. 13) is **DENIED as moot.**

**ORDERED** in Tampa, Florida, on March 13, 2026.

Kathryn Kimball Mizelle
United States District Judge

8