**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

JOSEPH HERBOZO and
MEGHAN LIESENFELD,

      Plaintiffs,

v.                                                                    Case No. 8:26-cv-436-KKM-TGW

DEBBIE FERNANDEZ et al.,

      Defendants.

_____

## <u>ORDER</u>

In their third amended complaint, pro se plaintiffs Joseph Herbozo and Meghan Liesenfeld assert various tort, contract, and statutory claims—all of which arise under Florida law. *See* 3d Am. Compl. (Doc. 16) ¶¶ 258–512. Because I have dismissed all claims over which I have original jurisdiction, I remand this action to the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida.

This action began on November 10, 2025, when the plaintiffs sued the defendants in Florida state court. The defendants removed based on federal question jurisdiction, which became live when, on February 9, 2026, the plaintiffs filed an amended complaint in state court asserting, for the first time, claims predicated on federal law. Notice of Removal (Doc. 1) at 2; *see, e.g.*, Am. Compl. (Doc. 1-5) ¶¶ 333–81.

I dismissed the plaintiffs' first and second amended complaints as impermissible shotgun pleadings. (Docs. 4, 14). After the latest dismissal, the plaintiffs timely filed their third amended complaint, in which they no longer assert any claims "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

"In the ordinary course, where the federal claims have been dismissed and the case is before a federal district court solely through supplemental jurisdiction, a court should decline supplemental jurisdiction." *Stalley v. Cumbie*, 586 F. Supp. 3d 1211, 1249 (M.D. Fla. 2022) (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)), *aff'd*, 124 F.4th 1273 (11th Cir. 2024). Before doing so, "courts engage in a two-step process: first, the district court must confirm that it has discretion to decline under § 1367(c); and second, it must consider whether prudential factors counsel against dismissal." *Id.* For the reasons explained below, I decline to exercise supplemental jurisdiction over the remaining state law claims.

First, I dismissed the plaintiffs' federal claims in my order dismissing the second amended complaint and the plaintiffs do not seek to continue to include them in this action.[1] *See* (Doc. 14); *see generally* 3d Am. Compl. Thus,

---

[1] As I noted in the Order dismissing the second amended complaint, should the plaintiffs choose to drop the federal claims in their third amended complaint, they may not add them back to this action upon remand. *See* (Doc. 14) at 3. The plaintiffs state that they understand this limitation and indicate in the third amended

I have discretion to decline supplemental jurisdiction. *See* 28 U.S.C. § 1367(c)(3); *Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 743 (11th Cir. 2006) ("Any one of the section 1367(c) factors is sufficient to give the district court discretion to dismiss a case's supplemental state law claims.").

Next, I must consider whether "judicial economy, convenience, fairness, and comity" counsel against dismissing the remaining state counterclaims. *Ameritox, Ltd. v. Millennium Lab'y, Inc.*, 803 F.3d 518, 537 (11th Cir. 2015) (citation modified); *see United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). In general, the Eleventh Circuit "encourage[s] district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial." *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004) (per curiam). That is "particularly the case where . . . the dismissal occurs without any analysis of the merits of the state claims." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1296 (11th Cir. 2018).

Judicial economy weighs in favor of remand. The dismissals in this Court occurred without any analysis of the merits of the state law claims. Conversely, the state court previously dismissed—after reviewing the parties' briefs and hearing argument—the plaintiffs' original complaint, which alleged multiple of the same state claims now found in the third amended complaint. *See* (Doc.

---

complaint that they plan to file the federal claims in a separate future action in federal court. *See* 3d Am. Compl. at 39.

3

1-7) at 314; *compare* Compl. (Doc. 1-1) ¶¶ 91–149, *with* 3d Am. Compl. ¶¶ 258–390. The state court is far better acquainted with the parties, the claims, the material facts, and the law governing this action.

The convenience factor is equivocal here. Upon remand, the action will move but a few blocks over to the Circuit Court for the Thirteenth Judicial, where the parties litigated without apparent issue for months.

Remand is not unfair to the parties. The plaintiffs chose (and prefer) to litigate this action in Thirteenth Judicial Circuit. Although the defendants removed, the basis for removal—the federal claims—no longer exists. Given the swift dismissal of the federal claims and remand, neither party has expended substantial time or resources litigating in this Court. And as mentioned above, the state court is better positioned to move the case forward on remand.

Lastly, comity interests counsel in favor of declining supplemental jurisdiction. As the Supreme Court has explained, "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." *Gibbs*, 383 U.S. at 726. "One such needless decision would occur when a court decides issues of state law after the federal claims are dismissed before trial; in that situation, 'the state claims should be dismissed as well.' "

*Ameritox*, 803 F.3d at 531 (quoting *Gibbs*, 383 U.S. at 726). I decline to make needless decisions of state law. Thus, I remand.

Accordingly, the following is **ORDERED:**

1. The Clerk is directed to **REMAND** this action to the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, and to **TRANSMIT** a certified copy of this order to the clerk of that court.

2. The Clerk is further directed to **TERMINATE** any pending deadlines, and to **CLOSE** this case.

**ORDERED** in Tampa, Florida, on April 10, 2026.

Kathryn Kimball Mizelle
United States District Judge